# EXHIBIT A

Summons and Complaint

# EXHIBIT A

Code:  4085

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

JOHN GURNER and MICHELLE GURNER, et al.

_____ ,

Plaintiff / Petitioner / Joint Petitioner,

Case. No. CV24-00770 _____

vs.

AMAZON.COM, INC; AMAZON.COM SERV.,LLC

Dept. No. 6 _____

_____ ,

Defendant / Respondent / Joint Petitioner.

_____ /

## SUMMONS

**TO THE DEFENDANT: YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU <u>RESPOND IN WRITING</u> WITHIN 21 DAYS. READ THE INFORMATION BELOW VERY CAREFULLY.**

A civil complaint or petition has been filed by the plaintiff(s) against you for the relief as set forth in that document (see complaint or petition).  When service is by publication, add a brief statement of the object of the action.

The object of this action is: _Negligence, Strict Product Liability, Breach of Warranty_ _____.

1. If you intend to defend this lawsuit, you must do the following within 21 days after service of this summons, exclusive of the day of service:
   a. File with the Clerk of the Court, whose address is shown below, **a formal written answer** to the complaint or petition, along with the appropriate filing fees, in accordance with the rules of the Court, and;
   b. Serve a copy of your answer upon the attorney or plaintiff(s) whose name and address is shown below.
2. Unless you respond, a default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the complaint or petition.

Dated this __10th__ day of _____April_____, 20_24_____.

Issued on behalf of Plaintiff(s):

Name: _____

Address: _____

_____

Phone Number: _____

Email: _____

ALICIA L. LERUD
CLERK OF THE COURT
By: /S/ Y.VILORIA _____
                    Deputy Clerk
Second Judicial District Court
75 Court Street
Reno, Nevada 89501

1

REV 4/27/21 JDB

SUMMONS

F I L E D
Electronically
CV24-00770
2024-04-10 09:17:43 AM
Alicia L. Lerud
Clerk of the Court
Transaction # 10264599 : yvilora

Michael N. Poli (State Bar No. 005461)
mpoli@pmzlaw.com
POLI, MOON & ZANE, PLLC
403 Hill Street
Reno, Nevada 89501
Telephone: (602) 857-8180
Facsimile: (602) 857-7333

*Attorneys for Plaintiffs*

## SECOND JUDICIAL DISTRICT COURT

## WASHOE COUNTY, NEVADA

| | |
|---|---|
| JOHN GURNER and MICHELLE GURNER, husband and wife; CLAIRE GURNER; and CAMERON GURNER,<br><br>Plaintiffs,<br><br>vs.<br><br>AMAZON.COM, INC., a Delaware corporation; and AMAZON.COM SERVICES, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.<br><br>Dept.<br><br>**COMPLAINT FOR:**<br><br>**Negligence, Strict Product Liability, Breach of Warranty**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**ARBITRATION EXEMPTION CLAIMED**<br>*Amount in Controversy Exceeds $50,000* |

Plaintiffs John Gurner, Michelle Gurner, Claire Gurner, and Cameron Gurner, by and through their undersigned counsel, MICHAEL N. POLI of POLI, MOON & ZANE, PLLC, and for a cause of action against the Defendants, Amazon.com, Inc., and Amazon.com Services, LLC, hereby allege and complain as follows:

### JURISDICTION AND VENUE ALLEGATIONS

1. Plaintiffs John Gurner and Michelle Gurner (collectively, "John and Michelle") are husband and wife and reside in Douglas County, Nevada.

2. Plaintiff Claire Gurner is a single woman residing in Douglas County, Nevada.

3. Plaintiff Cameron Gurner is a single man residing in Douglas County, Nevada.

4. Defendant Amazon.com, Inc. ("Amazon Inc."), is a Delaware corporation.

Amazon Inc. conducts business in the state of Nevada and/or has caused its products that are the subject of this action to be distributed and sold in this state.

5. Defendant Amazon.com Services, L.L.C. ("Amazon Services"), is a Delaware limited liability company. Amazon Services conducts business in the state of Nevada and/or has caused its products that are the subject of this action to be distributed and sold in this state.

6. This Complaint against the Defendants arises from a battery charger sold and distributed by Amazon Inc. and/or Amazon Services to the Plaintiffs in Douglas County, Nevada (the "Battery Charger," as further defined below), which then caused substantial harm to the Plaintiffs and damage to their real and personal property situated in Douglas County, Nevada.

7. Defendants Amazon Inc. and Amazon Services are collectively referred to herein as "Amazon."

8. Plaintiffs' claims against Defendants Amazon arise from Amazon's breach of statutory and common law obligations to the Plaintiffs, the events and transactions regarding which occurred in Douglas County, Nevada.

9. Therefore, this Court has jurisdiction over the subject matter of this action and the parties to this action.

10. The amount of damages sought by Plaintiffs, exclusive of attorneys' fees, interest and costs, exceeds $15,000; therefore, this Court has subject matter jurisdiction.

11. Venue is proper in this Court because a substantial portion of the acts, events and transactions complained of herein occurred in the State of Nevada and both Defendants conduct business in Washoe County, Nevada.

## FACTUAL ALLEGATIONS

12. Plaintiffs John and Michelle Gurner own the property and improvements located at 248 Sherwood Court, Stateline, Nevada 89449 (the "Property").

13. Defendants Amazon designed, marketed, sold, and/or distributed a product identified as "VRURC Portable Battery Charger with Built-in Cable" (the "Battery

Charger").

14. On or about July 13, 2022, Plaintiffs placed an order with Amazon for a Battery Charger, which they received a couple days later.

15. On or about December 12, 2022, Plaintiffs placed another order with Amazon for a second Battery Charger, which they received a couple days later.

16. On July 4, 2023, a fire occurred at the Property (the "Fire"), causing significant damage to the Plaintiffs' home and their personal property that was in the home at the time of the Fire (collectively, the "Loss").

17. Upon information and belief, the Fire was caused by one of the Battery Chargers.

18. On or about July 6, 2023, two days after the fire, Amazon distributed a product safety alert recalling the Battery Chargers.

19. At the time of the Fire, each of the Plaintiffs resided at the Property.

20. Plaintiffs suffered damages to their real and personal property, as well as severe anxiety and emotional distress, as a result of the Fire

21. Plaintiffs have incurred attorneys' fees and expenses in connection with the Fire and this lawsuit.

**COUNT 1**

**NEGLIGENCE**

22. The foregoing allegations are hereby incorporated by reference.

23. Amazon owed Plaintiffs – and similarly situated consumers – a duty to exercise reasonable care and caution in the design, manufacture, marketing, sale, distribution, inspection, repair/refurbishment and delivery of the products it sells, including the Battery Charger that caused the fire at Plaintiffs' property.

24. Amazon failed to exercise the requisite ordinary care in its actions and/or omissions in the course of its design, manufacture, marketing, distribution, sale, inspection, repair/refurbishment and/or delivery of the Battery Charger.

25. Amazon's acts and/or omissions created an unreasonable risk of harm to

3

Plaintiffs and their property and was the proximate cause of the Fire.

26.    Amazon was negligent, grossly negligent, reckless, and/or careless in each of the following ways:

a.    Failing to properly manufacture, design and/or repair/refurbish the Battery Charger so it would not overheat or ignite during normal use;

b.    Failing to provide adequate and capable safety measures to ensure that the normal use of the Battery Charger would not cause fires or other hazards to people and property in the vicinity;

c.    Failing to adequately warn as to the dangers of the use of the Battery Chargers; and/or

d.    Improperly and/or falsely labeling or describing the Battery Charger as being safe during normal use.

27.    Plaintiffs suffered damages to their real and personal property, as well as severe anxiety and emotional distress, as a result of the Fire that was caused by the acts and omissions of Amazon.

28.    As a direct and proximate result of Amazon's acts and omissions and the breach of its duties, Plaintiffs have sustained reasonably foreseeable damages and continue to sustain such damages in an amount to be proven at trial.

WHEREFORE, on this claim, Plaintiffs request judgment against Defendants Amazon.com, Inc., and Amazon.com Services, LLC, jointly and severally, as follows:

A.    For compensatory damages in a just and reasonable amount in excess of $15,000, with an exact amount to be proven at trial;

B.    For punitive damages in a just and reasonable amount;

C.    For attorneys' fees and costs, as allowed by law or contract;

D.    For pre- and post-judgment interest;

E.    For a trial by jury on all issues;

F.    For taxable costs; and

G.    For such other relief as the Court deems just and proper.

4

## COUNT II

## PRODUCT LIABILITY

29.    The foregoing allegations are incorporated by reference.

30.    The Battery Charger was designed, manufactured, repaired/refurbished, distributed, sold, and/or produced by Amazon in its ordinary course of business.

31.    Upon placing the Battery Charger into the stream of commerce, Amazon owed a duty to the public, including Plaintiffs, to ensure that its product was safe and free from any dangerous and/or hazardous condition that would cause, among other things, a fire when used in an intended and/or reasonably anticipated or foreseeable manner by its customers.

32.    Amazon placed the Battery Charger into the stream of commerce while the charger was in an unsafe and unreasonably dangerous condition.

33.    Amazon knew or should have known that the Battery Charger was unsafe and unreasonably dangerous for its intended and/or reasonably anticipated or foreseeable use by their customers.

34.    Amazon breached its duties to the public, including the Plaintiffs, when it failed to design, manufacture, repair/refurbish, distribute and/or sell the Battery Charger for safe use, free from defective or unreasonably dangerous conditions when used as intended and/or as reasonably anticipated or foreseeable by its customers.  Said breaches include the following:

a.    Failing to test the Battery Charger for its intended and known use as a battery charger;

b.    Failing to design, manufacture, repair/refurbish, produce and/or advertise/ market the Battery Charger according to industry standards;

c.    Failing to design, manufacture, repair/refurbish or produce the Battery Charger to avoid, preclude or minimize the potential for overheating and combustion when used under normal conditions;

d.    Failing to add sufficient warnings regarding the risk of using the charger in a

5

normal, typical manner;

e. Falsely marketing the Battery Charger as safe for ordinary use; and/or

f. Otherwise failing to design, manufacture, market and/or produce a safe battery charger.

35. Additionally, the Battery Charger was defective in design in the following ways:

a. The Battery Chargers failed to be designed to withstand the length of use and/or other conditions they were routinely subjected to; and

b. Amazon failed to design or warn against the foreseeable and known risk of fire when using the Battery Chargers in their ordinary manner.

36. The Battery Chargers were defectively manufactured, as evidenced by the Fire.

37. Plaintiffs were proximately damaged by Amazon's acts and omissions, including the defects in design, manufacture and/or marketing of the Battery Chargers.

38. As a direct and proximate result of Amazon's breach of its duties, Plaintiffs have sustained reasonably foreseeable damages and continue to sustain such damages, in an amount to be proven at trial.

WHEREFORE, on this claim, Plaintiffs request judgment against Defendants Amazon.com, Inc., and Amazon.com Services, LLC, jointly and severally, as follows:

A. For compensatory damages in a just and reasonable amount in excess of $15,000, with an exact amount to be proven at trial;

B. For punitive damages in a just and reasonable amount;

C. For attorneys' fees and costs, as allowed by law or contract;

D. For pre- and post-judgment interest;

E. For a trial by jury on all issues;

F. For taxable costs; and

G. For such other relief as the Court deems just and proper.

6

## COUNT III

## BREACH OF WARRANTY

39.    The foregoing allegations are hereby incorporated herein.

40.    Plaintiffs were Amazon customers and an ultimate consumer of its product, namely, the Battery Chargers.

41.    In selling the Battery Chargers, Amazon made express and implied warranties regarding the chargers' merchantability and fitness.  These warranties include, but are not limited to, the following:

a.    Amazon expressly and/or impliedly warranted that the Battery Chargers were safe for normal use, as reflected by the packing materials and labels and marketing materials;

b.    Amazon expressly and/or impliedly warranted that the Battery Chargers were fit for merchantability and were free from defects which would cause their overheating and combustion during normal use; and

c.    Amazon expressly and/or impliedly warranted that the Battery Chargers were fit for the particular purpose they were purchased for, *i.e.,* recharging batteries.

42.    In deciding to purchase the Battery Chargers, Plaintiffs relied on Amazon's skill, expertise, judgment and warranties.

43.    Amazon breached Plaintiffs' trust and its warranties by its actions described above.

44.    Plaintiffs were proximately harmed by Amazon's breaches of its duties and warranties.

45.    As a direct and proximate result of Amazon's breach of its duties, Plaintiffs have sustained reasonably foreseeable damages and continue to sustain such damages, in an amount to be proven at trial.

WHEREFORE, on this claim, Plaintiffs request judgment against Defendants Amazon.com, Inc., and Amazon.com Services, LLC, jointly and severally, as follows:

7

A.    For compensatory damages in a just and reasonable amount in excess of $15,000, with an exact amount to be proven at trial;

B.    For punitive damages in a just and reasonable amount;

C.    For attorneys' fees and costs, as allowed by law or contract;

D.    For pre- and post-judgment interest;

E.    For a trial by jury on all issues;

F.    For taxable costs; and

G.    For such other relief as the Court deems just and proper.

**AFFIRMATION pursuant to NRS 239B.030:**

The undersigned hereby affirms that this document does not contain the social security number of any person.

DATED this 10th day of April, 2024.

POLI, MOON & ZANE, PLLC

**DRAFT**

By___/s/ Michael N. Poli_____
Michael N. Poli
403 Hill Street
Reno, Nevada 89501
Attorney for Plaintiffs

8